UNITED STATES of America, Plaintiff–Appellee,

v.

Allen D. McFADDEN, Defendant–Appellant.

No. 00–5745.

United States Court of Appeals, Sixth Circuit.

March 12, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

## ORDER

Allen D. McFadden, a federal prisoner, appeals the sentence imposed by the district court upon his conviction on one count of aiding or assisting income tax fraud in violation of 26 U.S.C. § 7206(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In July 1999, McFadden was charged with ten counts of aiding or assisting income tax fraud. He pleaded guilty to count two on December 14, 1999. The district court dismissed the remaining counts and sentenced McFadden on March 24, 2000, to 12 months and one day in prison, followed by one year of supervised release. The judgment was entered on April 3, 2000.

McFadden's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but did raise the following issue: whether the district court erred by denying McFadden's request for a downward departure in his sentence. McFadden was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review we grant counsel's motion to withdraw because she has filed an acceptable *Anders* brief that concludes, after a review of the record, that there are no meritorious grounds for relief and raises the only issue she determined to be arguable. We affirm the district court's judgment because the district court's decision not to depart downward is not reviewable on appeal.

This court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 *and* 526 U.S. 1012, 119 S.Ct. 1157, 143 L.Ed.2d 223 (1999); *see also United States v. Henderson*, 209 F.3d 614, 617 (6th Cir. 2000); *United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998). "Where the district court's sentencing decision evinces a purposeful decision not to depart downward, however, it is not appealable." *Strickland*, 144 F.3d at 418.

Here, the district court clearly recognized that it had the authority to depart downward but rejected the grounds offered by the defendant as insufficient to warrant a downward departure. The district court's statement clearly "evinces a purposeful decision not to depart downward," *see id.*, and the court's refusal to depart downward is, therefore, not appealable.

Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on April 3, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.